**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**KEY WEST DIVISION**

CASE NO. 4:26-cv-10148-GAYLES/SANCHEZ

FILED BY CAW D.C.
NOV 02 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - KEY WEST

PALANI MEADOR,
Plaintiff,

v.

JJS CAPITAL GROUP, LLC, a Florida limited liability company, and TITAN FUNDING, LLC, a Florida limited liability company,
Defendants.
_______________________________________/

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE PROCESS UNDER FED. R. CIV. P. 4(m) AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Palani Meador, proceeding pro se, moves under Federal Rules of Civil Procedure 4(m) and 6(b)(1)(A) for an order extending the time to serve the summons and complaint on Defendant JJS Capital Group, LLC ("JJS") by 21 days, through and including November 23, 2026. This motion is filed before the current deadline expires. In support, Plaintiff states:

## I. BACKGROUND

### A. Filing and the Service Deadline

1. Plaintiff filed the Complaint on August 3, 2026, seeking to quiet title to real property located at 1104 Packer Street, Key West, Florida 33040. [ECF No. 1.] The Clerk issued summonses for both Defendants the same day. [ECF No. 6.] Plaintiff filed a Notice of Lis Pendens for the property [ECF No. 15] and recorded it in the Official Records of Monroe County on August 7, 2026, at OR Bk 3396, Pg 2156.

2. Under Rule 4(m), the 90th day after filing will fall on Sunday, November 1, 2026. Under Rule 6(a)(1)(C), the deadline to serve therefore runs through Monday, November 2, 2026.

**B. JJS's Registered Office Is a Post Office Box**

3. JJS is a Florida limited liability company. Its 2026 annual report, filed with the Florida Department of State on February 26, 2026 and signed electronically by John J. Scelfo as both registered agent and manager, lists Mr. Scelfo as its registered agent at "560 Bay Isles Road, Unit 8790, Longboat Key, FL 34228," and gives JJS's principal place of business as "560 Bay Isles Road # 8790." [Exhibit B]

4. 560 Bay Isles Road is the United States Post Office in Longboat Key. *See* Pub. L. No. 108-472 (2004) (designating the postal facility at 560 Bay Isles Road, Longboat Key, Florida). The same annual report shows what "8790" is: it gives JJS's mailing address as "P. O. Box 8790, 560 Bay Isles Road." The "Unit 8790" that JJS designated as its registered office is therefore a post office box inside the Longboat Key post office, not a street address at which its registered agent can be found. Personal service cannot be made on a post office box.

**C. Public-Records Search**

5. Beginning on or about September 11, 2026, Plaintiff reviewed the Official Records of Monroe County, including the Notices of Commencement; the Notice recorded at OR Bk 3381, Pg 1437 gives JJS's address only as 560 Bay Isles Road, the Longboat Key post office. Plaintiff then confirmed that 560 Bay Isles Road is the Longboat Key post office. After the waiver period lapsed, Plaintiff searched the Sarasota County property and tax records; searched the Buncombe County, North Carolina records; and reviewed JJS's court filings in Monroe and Miami-Dade Counties. The results are described in paragraphs 8 through 10.

**D. The Waiver Request to JJS**

6. Because every address JJS designated in its state filings points to the Longboat Key post office, Plaintiff first relied on the Monroe County public records and sought a waiver of

service from JJS's manager and registered agent, Mr. Scelfo, by mailing the request to 1104 Packer Street, Key West, Florida, the property at issue. JJS declared itself the "Owner" of that property in three Notices of Commencement it recorded for that property: two on May 18, 2026, at OR Bk 3381, Pg 1103 and Pg 1437, and one on February 27, 2026, at OR Bk 3368, Pg 1253 [Composite Exhibit A], and renovations directed by JJS's property manager have been underway there.

7. On September 14, 2026, Plaintiff mailed to Mr. Scelfo, as manager of JJS, at 1104 Packer Street, a Notice of a Lawsuit and Request to Waive Service of a Summons under Fed. R. Civ. P. 4(d), together with a copy of the complaint, two copies of the waiver form, and a prepaid means of return, by first-class mail, as Rule 4(d)(1)(G) permits. The request gave JJS 30 days, until October 14, 2026, to return the waiver. JJS did not return it, and the mailing was not returned as undeliverable. In Plaintiff's experience, first-class mail between South Florida and Hawaii takes approximately seven to ten days, so a waiver mailed back on the October 14 deadline would not have reached Plaintiff until approximately October 21 to 24, 2026; none arrived. The time to return the waiver has expired, the request is no longer open, and Plaintiff is proceeding with formal service under Rule 4(h).

**E. Locating JJS's Manager**

8. Plaintiff's record searches located real property in Buncombe County, North Carolina, associated with Mr. Scelfo. The property is titled not in his own name but in the name of a revocable trust of which he is trustee, and both the recorded deed and the county tax records list the trustee's address as the same Longboat Key post office box, P.O. Box 8790. [Composite Exhibit C] The Sarasota County records showed that a Longboat Key residence held in part by Mr. Scelfo's revocable trust was sold on March 3, 2025 [Composite Exhibit F], and that Unit 601 at

301 Quay Commons, Bayso Sarasota Condominium, is titled in Mr. Scelfo's revocable trust, with P.O. Box 8790 as the only address [Composite Exhibit E].

9. JJS's own court filings place Mr. Scelfo in Buncombe County. Most recently, on June 10, 2026, he verified, as JJS's manager, a foreclosure complaint JJS filed in Miami-Dade County; his signature was acknowledged before a Buncombe County, North Carolina notary, on identification by his Florida driver's license. *JJS Capital Group, LLC v. 1201 Opa Locka Blvd LLC* (Fla. 11th Jud. Cir. Ct.), Compl., Verification by Plaintiff (Filing No. 250444971, filed June 16, 2026) [Exhibit D]. He likewise swore JJS's affidavit in support of summary judgment in Monroe County on June 27, 2024 in Buncombe County, by physical appearance before a Buncombe County notary. *JJS Capital Group, LLC v. Virginia & Packer Holdings, LLC*, No. 2024-CA-153-K (Fla. 16th Jud. Cir. Ct.) (a foreclosure concerning a different property, 1100 Packer Street), Pl.'s Aff. in Supp. of Mot. for Summ. J. (Filing No. 201908030, filed July 3, 2024), at 4.

10. Recorded documents also show Mr. Scelfo signing in person in Sarasota County, Florida: on March 3, 2025, when he signed, individually and as trustee, the deed selling his former Longboat Key residence for $3,840,000 (Sarasota County Instrument No. 2025032839, recorded March 3, 2025) [Composite Exhibit F, F-2], and in February 2026 and May 2026, when he executed Notices of Commencement for 1104 Packer Street on JJS's behalf before Sarasota County notaries by physical presence (OR Bk 3368, Pg 1253, and OR Bk 3381, Pg 1103) [Composite Exhibit A, A-3 and A-1]. Plaintiff therefore provided the North Carolina address to the process server on October 30, 2026, on a rush basis [Exhibit G], with directions that, if three attempts there fail, the process server attempt service on him at another location in Sarasota, Florida that recorded deeds and county tax records associate with him: 301 Quay Commons, Unit 601 (Bayso Sarasota Condominium), titled in the John J. Scelfo Revocable Trust [Composite Exhibit E], so that JJS

may be served by personal delivery to its manager and registered agent under Fed. R. Civ. P. 4(h)(1)(B).

**F. Retention of ABC Legal Services Process Server**

11. On October 30, 2026, Plaintiff retained ABC Legal Services, a national professional process-service company, to serve JJS on a rush basis (ABC Legal Ref. No. REF-28526418) [Exhibit G]. The same day, Plaintiff retained ABC Legal to serve Defendant Titan Funding, LLC ("Titan") through its registered agent, Edward Piazza, at 2701 NW Boca Raton Blvd., Suite 105, Boca Raton, Florida 33431, on a rush basis (Ref. No. REF-28524989).

**G. Status of Service**

12. ABC Legal was retained on a rush basis and was told that November 2, 2026 is the deadline. Service on Titan was ordered on an expedited basis, and Plaintiff intends to file proof of service upon receipt. On October 30, 2026, Plaintiff also mailed a letter to JJS's manager, Mr. Scelfo, at 560 Bay Isles Road, Unit 8790, Longboat Key, Florida 34228, asking whether JJS opposes this motion.

**H. Plan to Complete Service on JJS**

13. Plaintiff has directed the process server to make three attempts at personal service on Mr. Scelfo at the known addresses and, if those fail, three more attempts at varied days and times. If all six attempts fail, Plaintiff will promptly serve JJS through the Florida Secretary of State under Fla. Stat. §§ 48.062(4)(a) and 48.161, which Rule 4(h)(1)(A) and Rule 4(e)(1) incorporate. JJS's 2026 annual report lists only one person, Mr. Scelfo, who is both its manager and its registered agent. Plaintiff expects to complete service within the requested extension.

## II. MEMORANDUM OF LAW

The Court should extend the time on either of two independent grounds: the discretionary factors in Section II.B and, alternatively, good cause as to JJS under Section II.C.

### A. Legal Standard

Rule 4(m) provides that if a defendant is not served within 90 days after the complaint is filed, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Rule 6(b)(1)(A) likewise permits the Court to extend a deadline for good cause when the request is made before the original time expires.

If this motion is docketed after November 2, 2026, the same relief remains available. Rule 4(m) permits the Court to order that service be made within a specified time even after the 90-day period has run. Fed. R. Civ. P. 4(m); see Horenkamp, 402 F.3d at 1132–33. Rule 6(b)(1)(B) also permits an extension after the time has expired where the failure to act resulted from excusable neglect. That determination weighs the danger of prejudice to the opposing party, the length of the delay and its potential impact on the proceedings, the reason for the delay, including whether it was within the movant's reasonable control, and whether the movant acted in good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).

Each factor favors Plaintiff. No Defendant has appeared, so there is no prejudice. Any delay would be a matter of days, before any schedule has been set. The cause would be the requirement that a pro se litigant file a paper original bearing a wet signature, in person or by mail [ECF No. 8 ¶ 3], from Hawaii, where Plaintiff resides. Plaintiff has acted in good faith throughout, including by mailing a letter to JJS's manager on October 30, 2026 asking whether JJS opposes

this motion, and by retaining a professional process server on October 30, 2026, before the deadline.

In the Eleventh Circuit, good cause exists "only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (quoting *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991) (per curiam)). Even without good cause, Rule 4(m) grants the Court discretion to extend the time for service. *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132–33 (11th Cir. 2005). Before dismissing, the Court must consider whether any other circumstances warrant an extension based on the facts of the case. *Lepone-Dempsey*, 476 F.3d at 1282.

**B. A Discretionary Extension Is Warranted**

The circumstances warrant a discretionary extension under *Horenkamp* and *Lepone-Dempsey*, whether or not the Court finds good cause:

- **The request is modest and timely.** Plaintiff seeks a single extension of 21 days as to JJS, and files this motion before the deadline expires.
- **Plaintiff has been diligent.** Plaintiff first asked JJS to waive service under Rule 4(d). When JJS did not return the waiver, Plaintiff turned to personal service: Plaintiff traced JJS's manager through public records, retained a professional process server, directed the server to every address associated with him, and filed this motion before the deadline. That distinguishes this case from *Lepone-Dempsey*, where the plaintiffs made no attempt at personal service after the waiver forms went unreturned and did not seek an extension until after the defendants moved to dismiss. 476 F.3d at 1280–82.

- **The Advisory Committee's examples point toward relief.** The Committee identified circumstances such as a defendant's "evading service" as justifying an extension absent good cause. *Lepone-Dempsey*, 476 F.3d at 1282 (quoting Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment). Plaintiff does not ask the Court to make any finding about JJS's intent. But JJS's designation of a post office box, styled as a "Unit," as its registered office has the same practical effect: it left no Florida street address at which JJS could be served.
- **Defendants will suffer no prejudice.** The case is at its earliest stage. No scheduling order has been entered, and no deadlines other than service have begun to run. Plaintiff's notice of lis pendens [ECF No. 15] has been of record since August 7, 2026, and a 21-day extension to serve does not change its effect. Plaintiff also mailed JJS's manager a Rule 4(d) waiver request with a copy of the complaint in September 2026. *See Horenkamp*, 402 F.3d at 1131–33 (affirming a discretionary extension where the district court considered, among other things, that the defendant had notice of the suit through a waiver request).
- **Dismissal would waste resources.** A dismissal without prejudice would only lead to refiling the same claims against the same parties.

**C. Alternatively, Good Cause Exists Because JJS's Own Filing Prevented Timely Service**

The delay here was caused by an outside factor: JJS designated a post office box, styled as a "Unit," as the address of both its registered agent and its principal place of business, which does not comply with Florida law. A limited liability company must "continuously maintain" a registered office and a registered agent in Florida, and the agent's business address must be "identical to the address of the registered office." Fla. Stat. § 605.0113(1). Chapter 605 consistently requires that the registered office be identified by a Florida street address: the articles of

organization must state the registered agent's "street address in this state," and a statement changing the registered office must give its "street address." Fla. Stat. §§ 605.0201(2)(c), 605.0114(1)(d)–(e).

The registered office must also be kept open at least from 10 a.m. to 12 noon and 2 p.m. to 4 p.m. each day except Saturdays, Sundays, and legal holidays, with one or more individuals present on whom process may be served. Fla. Stat. § 48.091(3). A post office box can satisfy none of these requirements, and no one can be personally served there.

The same pattern extends to JJS's manager and registered agent personally. His former Longboat Key residence was sold in March 2025, and every residence currently associated with Mr. Scelfo that Plaintiff has located, in Sarasota County, Florida and in Buncombe County, North Carolina, is titled in the name of his revocable trust, with only P.O. Box 8790 given as his address. [Composite Exhibits C, E and F.] Because those residences are titled in the names of revocable trusts rather than in his own name, a search of property records under his name does not reveal them, making him difficult to locate.

Florida law permits service on JJS by personal service on Mr. Scelfo, as its registered agent and manager, wherever he can be found. See Fla. Stat. §§ 48.062, 48.031. That is what Plaintiff has directed the process server to attempt. If personal service on Mr. Scelfo fails, Florida law provides a defined fallback. Where the registered agent cannot be served after due diligence and the only person listed on the LLC's latest annual report is that same registered agent, process may be served on the Secretary of State. Fla. Stat. §§ 48.062(4)(a), 48.161. That is JJS's situation exactly: its 2026 annual report lists only Mr. Scelfo. Plaintiff will complete six documented attempts at personal service and, if they fail, will promptly serve the Secretary of State, so that service on JJS can be completed within the requested extension. Neither Fla. Stat. § 48.062(4) nor

§ 48.161 requires leave of Court before process is served on the Secretary of State once their conditions are met. Because service under § 48.161 is effectuated on the later of the date the affidavit of compliance is filed or the date the required notice is completed, Fla. Stat. § 48.161(8), Plaintiff will schedule the six attempts so that, if they fail, delivery to the Secretary of State, the required notice, and the affidavit of compliance are all completed on or before November 23, 2026. See Sea Pack, Inc. v. Trans-Jam Express Shipping Co., No. 13-22041-CIV-COHN/SELTZER, Order Regarding Service of Process (S.D. Fla. Sept. 9, 2013) (addressing substituted service on the Secretary of State under § 48.161; requiring strict compliance with the statute's delivery method; allowing additional time to complete the statutory filings; and ordering that service "will be deemed complete upon Plaintiff's filing of the affidavit").

By giving only a post office box, JJS made the ordinary method of serving a Florida LLC — delivery to its registered agent at its registered office under Fla. Stat. § 48.062 — unavailable. That obstacle was not of Plaintiff's making. Plaintiff asked JJS to waive service in September 2026. When JJS did not, locating its manager required tracing trust-titled property through recorded deeds, county tax records, and JJS's own court filings, and Plaintiff then retained a professional process server on October 30, 2026. These circumstances fit within the "outside factor" standard of *Lepone-Dempsey*.

Plaintiff seeks no extension as to Titan. Service on Titan's registered agent, at a known Florida street address, was ordered on an expedited basis, and Plaintiff intends to file proof of service upon receipt.

## III. CONCLUSION

Plaintiff respectfully requests that the Court enter an order extending the time to serve process on Defendant JJS Capital Group, LLC through and including November 23, 2026, and granting such further relief as the Court deems just.

## CERTIFICATE OF CONFERRAL UNDER LOCAL RULE 7.1(a)(3)

No Defendant has appeared, and no counsel has appeared for any Defendant. Plaintiff made reasonable efforts to confer with Defendant JJS Capital Group, LLC. On October 30, 2026, Plaintiff mailed a letter to JJS's manager, John J. Scelfo, at 560 Bay Isles Road, Unit 8790, Longboat Key, Florida 34228, describing the relief requested in this motion and asking whether JJS opposes it. Plaintiff has been unable to resolve the issues raised in this motion.

Dated: October 30, 2026

Respectfully submitted,

Palani Meador, Plaintiff, pro se
59-770-B Kamehameha Hwy
Haleiwa, HI 96712
Tel: (808) 649-2022
Email: palani.meador@mail.com

## VERIFICATION UNDER 28 U.S.C. § 1746

I, Palani Meador, declare under penalty of perjury that the factual statements in paragraphs 1 through 13 of this motion are true and correct, based on my personal knowledge and on my review of the public records and documents described in those paragraphs.

Executed on October 30, 2026.

Palani Meador

## CERTIFICATE OF SERVICE

I certify that on November 2 2026, I filed this document with the Clerk of Court by hand delivery, through a courier, to the Clerk's Office, and that on November 2, 2026, a copy of it, with its exhibits and proposed order, was mailed by first-class U.S. Mail, postage prepaid, on the following Defendants, neither of which has appeared in this action:

JJS Capital Group, LLC, c/o John J. Scelfo, Registered Agent and Manager, 560 Bay Isles Road, Unit 8790, Longboat Key, Florida 34228

Titan Funding, LLC, c/o Edward Piazza, Registered Agent, 2701 NW Boca Raton Blvd., Suite 105, Boca Raton, Florida 33431

Palani Meador